J. S30030/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANWAAR MALIK GETTYS, | : | No. 2494 EDA 2011 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 11, 2011,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004425-2005

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 12, 2016**

Anwaar Malik Gettys appeals from the order entered in the Court of

Common Pleas of Delaware County that dismissed his petition filed pursuant

to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

The PCRA court set forth the following:

> After nearly a month of diligent investigation of the disappearance of fifteen-year-old Deanna Wright-McIntosh, police found her charred remains in a barrel on December 30, 2004. This sorrowful discovery prompted many other police actions undertaken to establish what happened to the young girl and, ultimately, who was responsible. The investigation eventuated with the arrest of [appellant] and another man, Lamar Haymes. They were tried separately.
>
> On or about January 5, 2005, [appellant] was arrested and charged with tampering with physical evidence, obstructing the administration of law, hindering apprehension or prosecution, abuse of

corpse and criminal conspiracy. Then on July 21, 2005, [appellant] was rearrested and charged with the aforementioned crimes and with additional crimes including: criminal homicide; kidnapping; unlawful restraint; false imprisonment; rape; statutory sexual assault; and involuntary deviate sexual intercourse. A criminal complaint and affidavit of probable cause requesting issuance of an arrest warrant for [appellant] were signed by Detective Mike Palmer of the Delaware County District Attorney's Criminal Investigation Division and Sergeant D. Donegan of the Lansdowne Police Department. Magisterial District Judge John J. Perfetti notarized the Affidavit and then executed the arrest warrant as the issuing authority. Haymes was also charged in the death of Deanna Wright-McIntosh.

During the four-day trial, the jury was offered evidence of the deliberate deceits of [appellant] and testimony regarding his apparent opportunity for wrongdoing. Additional information regarding the grisly disposition of the missing girl and evidence establishing that body parts found in a barrel were those of the victim was presented. The jury also heard testimony that afforded them insight into her presence at [appellant's] mother's residence before her death and other events thereafter. The Commonwealth's case painted a picture that fully supported the jury's decision in finding [appellant] guilty of first degree murder [18 Pa.C.S.A. § 2502(a)] and abuse of a corpse [18 Pa.C.S.A. § 5510] and that [appellant] perpetrated the death and participated in the disposal of the victim's body.

PCRA court opinion, 12/19/11 at 1-2.

On November 30, 2006, [appellant] was sentenced by this Court to serve a term of life imprisonment plus one to two years for his conviction of first degree murder and abuse of a corpse. [Appellant's] direct appeal offered him no satisfaction. The Superior Court issued an exhaustive Memorandum Opinion on March 13, 2009

(No. 1278 EDA 2007) addressing the issues raised on appeal. Given this outcome, [appellant] resorted to his sole avenue of solace and he timely filed a **pro se** PCRA petition containing various allegations of ineffective assistance of counsel and other irregularities which supposedly would . . . justify court intervention and relief. Counsel was appointed to assist [appellant] in this process.

On June 28, 2010, that attorney, Steven D. Molineux, submitted a **Turner**/**Finley**[1] letter, carefully explaining his scrupulous review of the case and the applicable law and his assessment that further pursuit of PCRA relief could not be properly justified. Mr. Molineux's submission also sought an opportunity to withdraw his appearance.

This court has a vivid recollection of this case but, nevertheless, undertook the requisite independent review of the PCRA petition and the case itself. Having discerned no true issues which would lead us to believe that [appellant's] trial was somehow tainted such as to require further PCRA consideration, we offered notice to [appellant] of our intention to dismiss the PCRA petition and to allow counsel's withdrawal. Ultimately[,] we issued an Order dismissing the PCRA from which this appeal was taken.

**Id.** at 3-4 (footnote omitted).

Appellant raises the following issues for this court's review:

1. Did the Court of Common Plea [sic] error [sic] by finding that the Commonwealth presented sufficient evidence to support a verdict of guilty for the crimes [sic] of Murder First Degree?

2. Whether the verdict of first degree murder was against the weight of the evidence?

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988).

Appellant's brief at 2.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

To be eligible for PCRA relief, a petitioner must show, among other things, that the claims of error have not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **Id.**; **Commonwealth v. Spotz**, 47 A.3d 63, 76 (Pa. 2012).

In the two issues raised before this court, appellant contends that evidence brought by the Commonwealth was insufficient to support a verdict of guilty of first degree murder and that the verdict of guilty of first degree murder was against the weight of the evidence. Appellant raised these

issues in his direct appeal.[2]  ***See Commonwealth v. Gettys***, No. 1278 EDA 2007, unpublished memorandum (Pa.Super. filed March 13, 2009).  In the direct appeal, this court ruled that appellant's argument regarding the sufficiency of the evidence was wholly inadequate because it failed to identify any specific point where the evidence was insufficient.  Regarding the weight of the evidence, this court determined that that claim was abandoned because appellant did not present any argument on that issue.  Additionally, this court noted that even if we were to consider these issues, we agreed with the trial court that the claims lacked merit.  ***Id.*** at 16-17.  Where a decision rests on two or more grounds that are equally valid, neither one may be relegated to the status of ***obiter dicta***.  ***Commonwealth v. Reed***, 971 A.2d 1216, 1220 (Pa. 2009).  Therefore, because these issues were previously litigated, they are not properly before us.

　　　　Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016

---

[2] From a review of appellant's counselled brief on appeal, it appears that counsel believes this is a direct appeal.  No allegation of the ineffectiveness of trial or appellate counsel is alleged.